IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

UNITED STATES OF AMERICA,

    *Plaintiff,*

vs.

Case No. 20-10026-05-EFM

PEDRO MARONES,

    *Defendant.*

**MEMORANDUM AND ORDER**

This matter comes before the Court on pro se Defendant Pedro Marones' Motion to Reduce Sentence (Doc. 175). He seeks a sentence reduction pursuant to 18 U.S.C. § 3582(c)(2) and Amendment 821 to the United States Sentencing Guidelines. For the reasons stated below, the Court denies Defendant's motion.

On November 10, 2021, Defendant waived indictment. He pleaded guilty to Count I of the Information, interstate travel in aid of racketeering, in violation of 18 U.S.C. § 1952(a)(1). On January 27, 2022, Defendant was sentenced to 60 months' imprisonment. On December 29, 2023, Defendant submitted this motion seeking a reduction in his sentence. The government opposes the motion.

Pursuant to 18 U.S.C. § 3582(c)(2), a defendant may file his own motion for a sentence reduction provided certain factors are met.[1] Specifically, § 3582(c)(2) allows for a court to reduce a term of imprisonment "in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o)" and after considering § 3553(a) factors so long as the reduction "is consistent with applicable policy statements."[2]

Defendant requests that his sentence be reduced due to Amendment 821 to the United States Sentencing Guidelines. Effective November 1, 2023, the Sentencing Commission amended the United States Sentencing Guidelines.[3] Part A of Amendment 821 limits the criminal history impact of "status points," and Part B of Amendment 821 creates a new guideline, § 4C.1.1, that provides for a decrease of two offense levels for "Zero-Point Offenders."[4]

In this case, Defendant is a zero-point offender. But he is still not entitled to relief. According to the Presentence Investigation Report, at the time of sentencing, Defendant had a total offense level of 29, and a criminal history category of I. Thus, his guideline range was 87 to 108 months' imprisonment. Defendant, however, pleaded guilty to 18 U.S.C. § 1952(a)(1), interstate travel in aid of racketeering. This offense has a statutory maximum term of imprisonment of 60 months—less than Defendant's guideline sentence. Defendant was accordingly sentenced to 60 months' imprisonment.

---

[1] 18 U.S.C. § 3582(c)(2).

[2] *Id.*

[3] *See* 88 Fed. Reg. 28,254, 2023 WL 3199918 (May 3, 2023).

[4] *See* https://www.ussc.gov/guidelines/amendment/821 (last visited March 27, 2024); *see also* U.S.S.G. § 4A1.1; § 4C1.1.

-3-

Applying Amendment 821 to Defendant, his zero-point offender status would reduce his offense level by two points.[5]  Defendant would remain in Criminal History Category I, with a total offense level of 27, and his amended guideline sentence would be 70 to 87 months' imprisonment. Thus, his amended guideline range is still above the 60-month statutory maximum term of imprisonment that was imposed upon Defendant.

18 U.S.C. § 3582(c)(2) permits a reduction in sentence if it "is consistent with applicable policy statements issued by the Sentencing Commission."  And U.S.S.G. § 5G1.1(a) provides that "[w]here the statutorily authorized maximum sentence is less than the minimum of the applicable guideline range, the statutorily authorized maximum sentence shall be the guideline sentence." Here, the Court sentenced Defendant to 60 months' imprisonment in accordance with this policy statement.  Accordingly, Defendant is not eligible for a reduction, and his motion is denied.

**IT IS THEREFORE ORDERED** that Defendant's Motion to Reduce Sentence (Doc.175) is **DENIED**.

**IT IS SO ORDERED**.

Dated this 29th day of March, 2024.

*[signature]*
ERIC F. MELGREN
CHIEF UNITED STATES DISTRICT JUDGE

---

[5] *See* U.S.S.G. § 4C1.1(a).